## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Celette, Inc., a South Carolina** | ) |
| **Corporation,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Case No.:** |
| | ) |
| **Bastien Dias Da Costa,** | ) |
| | ) |
| **Defendant.** | ) |

## **VERIFIED COMPLAINT**

Plaintiff, Celette, Inc., a South Carolina corporation, by and through its attorneys, Smith Amundsen LLC, states as follows for its Verified Complaint against Defendant, Bastien Dias Da Costa:

## **PARTIES, JURISDICTION AND VENUE**

1.     Celette, Inc. ("Celette") is a manufacturer and distributor of OEM approved automobile collision repair equipment. Celette's corporate headquarters and principal place of business are located in Lombard, Illinois. Plaintiff is an affiliate of CELETTE France SAS ("CELETTE France"). CELETTE France is based in Lyon, France. Plaintiff sells and distributes product of CELETTE France in the United States and Canada.

2.     Defendant, Bastien Dias Da Costa, is an individual who resides in Elmhurst, Illinois.

3.     Defendant is not a United States citizen. He is a foreign national from France. On information and belief, he is not lawfully admitted for permanent residence in the United

1

States. Previously, Defendant was lawfully present in the United States by virtue of a visa. On information and belief, his visa has expired.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332(a)(2). The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff is a citizen of South Carolina (state of incorporation) and Illinois (principal place of business). Defendant is a citizen or subject of France, a foreign state.

5.     Venue is proper in this Court because all or a substantial part of the facts from which the Plaintiff's claims arise occurred in this district.

## FACTS COMMON TO ALL COUNTS

6.     Defendant Da Costa held the position of Operations Manager for Plaintiff from 2011 until Celette terminated him for cause in August 2018. From 2006 to 2011, Defendant held the position of Director of Operations Development for Plaintiff.

7.     At least since his promotion to Operations Manager in 2011, Da Costa was Plaintiff's highest ranking employee. He was the liaison with the home office in France.

8.     At all relevant times, Da Costa exercised control over all functions of Plaintiff's operations. Da Costa controlled Plaintiff's accounting, financial reporting, budgeting, inventory management, procurement, and sales and marketing, among other functions. Da Costa managed all of Plaintiff's employees.

9.     Da Costa incurred what he claimed were business expenses using his personal credit card, and then caused Celette to reimburse him with company checks.

10.     In 2018, Plaintiff discovered that Da Costa had submitted expense reports that included a substantial number of charges for personal items that should not have been

2

submitted as business expenses. On further investigation, Plaintiff determined that Da Costa submitted false expenses beginning in 2013 and continued to do so until he was caught in 2018. The total amount of Defendant's inappropriate charges is no less than $407,451.21. These included charges for massages, picture frames for his home, pet grooming, childrens' expenses, and non-business related meals and entertainment, among other charges.

11.     Plaintiff also determined that Da Costa had caused Celette to pay him undeserved bonuses three times a year in 2015, 2016, and 2017. The total amount of unapproved bonuses that Da Costa caused Celette to pay him is no less than $265,376.79.

12.     In addition, Da Costa also, without informing Celette, formed an Illinois corporation in May 2016 called "Mergault, Inc." Da Costa used Mergault, Inc. to conduct business under the assumed name of "Everlasting Tools."

13.     Da Costa operated Everlasting Tools during Celette business hours and using Celette resources, including Plaintiff's warehouse space, employees, employee time, computers, and office equipment and supplies.

14.     Everlasting Tools sold items that Celette either was selling or could have sold had Da Costa presented the opportunity to Celette.

15.     Da Costa concealed Everlasting Tools from Celette. He kept Everlasting Tools' books and records separate from Celette's book and records.

16.     In establishing and operating Everlasting Tools, Da Costa appears to have worked extensively with Bryan Robaina and Roberto Robaina, including companies with which they are affiliated such as Robaina Direct, LLC ("Robaina Direct"), Robaina Industries and/or Eucrocar

3

Bench Systems. Bryan Robaina is President of Robaina Group, LLC ("Robaina Group") and sole manager of Robaina Direct.

17.     Bryan Robaina and his father, Roberto Robaina, are long time distributors for Celette through a company called Robaina Industries, Inc. d/b/a "Eurocar-Bench Systems."

18.     On information and belief, Da Costa caused Celette to purchase items which were then placed in Everlasting Tools' inventory, and then sold with the proceeds going to Everlasting Tools instead of to Celette.

19.     Da Costa concealed the Everlasting Tools business from Celette.

20.     Da Costa never disclosed or tendered to Celette the business opportunities that Da Costa pursued with Everlasting Tools.

21.     Had Da Costa disclosed this to Celette, Celette would have likely engaged in some of the opportunities and it would not have consented to Da Costa pursuing others because they were inconsistent with his duties and responsibilities as an agent and key managerial employee of Celette.

22.     All of the Everlasting Tools business was a business opportunity improperly developed by Da Costa and Everlasting Tools through the use of Celette's corporate assets and resources.

23.     On information and belief, Da Costa also caused expenses that he incurred in connection with the Everlasting Tools venture to be submitted to and paid by Celette instead of Everlasting Tools. On information and belief, these charges were approximately $100,000.00.

4

24.     On information and belief, Da Costa also caused Celette to sell Celette merchandise to Robaina at a discount, and then caused Celette to purchase it back, with Da Costa or Robaina pocketing the difference.

25.     On information and belief, Da Costa prepared false inventory and accounting records related to the foregoing conduct in order to conceal it.

26.     Celette terminated Da Costa for cause on August 6, 2018.

## COUNT I: BREACH OF FIDUCIARY DUTY

27.     Celette realleges and incorporates by reference the allegations of Paragraphs 1 through 26 as if fully set forth herein.

28.     At all relevant times, Da Costa was an employee of Celette.

29.     At all relevant times, Da Costa was a key manager of Celette.

30.     Celette entrusted Da Costa with control of Celette's books, records and bill paying, among other responsibilities.

31.     As an employee and key manager of Celette, Da Costa was its agent, and owed Celette a fiduciary duty to treat Celette with the utmost candor, care, loyalty and good faith, and to not act adversely to Celette's interests.

32.     The duty of loyalty imposed on Da Costa an affirmative obligation to disclose information and business opportunities to Celette, and to refrain from enriching himself at Celette's expense.

33.     Celette reposed trust and confidence in Da Costa.

34.     Da Costa breached his fiduciary duty to Celette through any and all of the following conduct:

5

a)  submitting false expense reports to Celette;

b)  causing Celette to pay for his personal, non-business related expenses;

c)  causing Celette to pay him bonuses to which he was not entitled;

d)  establishing and failing to disclose Mergault Inc. d/b/a Everlasting Tools;

e)  using Celette employees, facilities and resources to operate the Everlasting Tools business without compensating Celette or disclosing it to Celette;

f)   failing to tender the business opportunities pursued by Everlasting Tools to Celette;

g)  Causing Celette to sell and purchase merchandise from Robaina and Everlasting Tool which had the effect of enriching Da Costa and his company at the expense of Celette; and

h)  Other acts as pleaded herein.

35.     Da Costa's breaches of his fiduciary duty damaged Celette in an amount to be proven, but which is believed to exceed $673,000.00.

36.     Da Costa should be ordered to disgorge all compensation and benefits paid during the period he was in breach of his fiduciary duty.

37.     Da Costa breached his fiduciary duty starting no later than 2013, and continued to breach his fiduciary duty until he was terminated for cause in August of 2018.  During this period, Celette paid Da Costa no less than $305,320.58 in regular compensation (*i.e.*, salary that does not include his improper bonuses described above), which he should be ordered to disgorge.

6

38.     Da Costa's behavior was outrageous, willful and malicious, justifying an award of punitive damages.

WHEREFORE, Plaintiff, Celette, Inc., respectfully requests that this Court enter judgment in its favor and against Defendant Bastien Dias Da Costa on this Count I and enter an order requiring Defendant to pay Celette, Inc. damages for improper expenses and bonuses in an amount of no less than $673,000.00, disgorgement of regular compensation in the amount of no less than $305,320.58, an amount to be proven for his other breaches of his fiduciary duty described herein, an award of punitive damages, plus such further relief as the Court deems necessary and appropriate under the circumstances.

## COUNT II:  FRAUD

39.     Celette realleges and incorporates by reference the allegations of paragraphs 1 through 38 as if fully set forth herein.

40.     Da Costa made false statements of material fact, including without limitation the following:

a)  that the items charged as expenses and submitted to Celette for where for legitimate business-related expenses;

b)  that he was entitled to bonuses;

c)  that Celette's books and records were accurate.

45.     Da Costa omitted material facts by failing to disclose:

a)  that he formed Mergault, Inc., d/b/a "Everlasting Tools";

b)  that Everlasting Tools was engaged in business opportunities that were competitive with Celette;

7

c)  that Everlasting Tools was a venture with principals and/or affiliates of Celette distributor, Robaina;

d)  that Everlasting Tools was engaged in business opportunities which Da Costa had not disclosed to Celette and which Celette was not given the opportunity to pursue;

e)  that Da Costa was using Celette employees, warehouse space, and other resources to conduct the Everlasting Tools business;

f)  that Da Costa had caused Celette to pay him bonuses;

g)  that Da Costa had caused Celette to reimburse personal, non-business related expenses.

46.    Da Costa knew that the aforementioned statements were false and that the aforementioned omissions would have the effect of misleading Celette.

47.    Da Costa made the aforementioned statements and omissions with the intention that Celette act in reliance upon them.

48.    Celette in fact relied on the aforementioned statements and omissions in that it unwittingly reimbursed the fraudulent expenses, paid the undeserved bonuses, and allowed the Everlasting Tools venture to operate.

49.    Plaintiff was damaged by Da Costa's fraudulent representations and omissions in the amount of the improper expense reimbursements, improper bonuses, and lost opportunities to the Everlasting Tools venture.

50.    Plaintiff's damages incurred as a result of Da Costa's misrepresentations and omissions are no less than $673,000.00.

51.      Da Costa's behavior was outrageous, willful and malicious, justifying an award of punitive damages.

WHEREFORE, Plaintiff, Celette, Inc., respectfully requests that this Court enter judgment in its favor and against Defendant Bastien Dias Da Costa on this Count II and enter an order requiring Defendant to pay Celette Inc. damages in an amount to be proven, but in no event less than $673,000.00, as well as an award of punitive damage, plus such further relief as the Court deems necessary and appropriate under the circumstances.

## COUNT III:  UNJUST ENRICHMENT

53.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-52 as if fully set forth herein.

54.      Through the conduct described above, Da Costa has unjustly retained benefits to the detriment of Plaintiff.

55.      The benefits Defendant has unjustly retained include the personal expenses for which he was wrongly reimbursed; the bonuses which he improperly caused to be paid to himself; the value of the Celette resources he used for the Everlasting Tools venture; the profits he earned on the Everlasting Tool venture which he never presented to Celette and whose existence he concealed from Celette; and other benefits described herein.

56.      Defendant's retention of the benefits violates fundamental principles of justice, equity and good conscience.

WHEREFORE, Plaintiff, Celette, Inc., respectfully requests that this Court enter judgment in its favor and against Defendant Bastien Dias Da Costa on this Count III and enter an Order requiring Defendant to disgorge and provide restitution to the Plaintiff based on his unjust

enrichment, including payment to Celette, Inc. of the improper bonuses of no less than $265,376.79, repayment of the improper expenses in an amount of no less than $407,451.21, disgorgement of all profits earned on the Everlasting Tools business in an amount to be proven, compensation for the Celette resources used to support the Everlasting Tools business, plus such further relief as the Court deems necessary and appropriate under the circumstances.

#### COUNT IV: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

57. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

58. The business of Mergault, Inc. d/b/a "Everlasting Tools" involved, in whole or in part, sales of products that Celette sold.

59. In addition, the business of Mergault, Inc. d/b/a Everlasting Tools involved the sales of products which, had the opportunity been presented to Celette, Celette would have sold in whole or in part.

60. Da Costa knew Celette reasonably expected that any business opportunities of which Da Costa became aware would be presented to Celette and that they would reasonably expect to pursue them.

61. Da Costa purposely interfered with Celette's reasonable expectation by not informing Celette of the opportunities. Instead, he pursued them for his own benefit through the Everlasting Tools venture, which he concealed. As a result of Da Costa's purposeful interference, Celette was deprived of the opportunity to make sales of products and to pursue business opportunities.

10

62.     Da Costa's conduct damaged Celette in that it was deprived of the profits earned by Everlasting Tools. In addition, he used Celette's resources without paying for them.

63.     Da Costa's conduct was outrageous, willful and malicious, justifying an award of punitive damages.

WHEREFORE, Plaintiff, Celette, Inc., respectfully requests that this Court enter judgment in its favor and against Defendant Bastien Dias Da Costa on this Count IV and enter an Order requiring Defendant to pay Celette, Inc. damages in an amount to be proven, as well as an award of punitive damages, plus such further relief as the Court deems necessary and appropriate under the circumstances.

## COUNT V: ACCOUNTING

64.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65.     With respect to certain of Defendant's breaches of his fiduciary duties, the Plaintiff does not have full access to all pertinent records and documents.

66.     In particular, the business of Mergault, Inc. d/b/a Everlasting Tools was concealed from the Plaintiff and its operations were accounted for in a separate set of books and records which, on information and belief, are in the possession of Da Costa.

67.     The Court should order Da Costa to provide an accounting so that the Plaintiff has full information regarding his breaches of fiduciary duty with respect to the Everlasting Tools venture, including what products were sold, the price obtained, the profits, and other details regarding that venture and his breaches of his fiduciary duty related to it.

WHEREFORE, the Plaintiff, Celette, Inc., requests that this Court enter judgment in its favor and against Defendant Bastien Dias Da Costa on this Count V, and enter an Order requiring Defendant to provide a full accounting of the Everlasting Tools venture including all products sold, the cost to purchase the goods and the source, all expenses, all payments made to Da Costa, any business associates or any employees or sales persons, and any other information as may be necessary to ascertain the full scope of Da Costa's breach of his fiduciary duties.

DATED:_____April 9, 2019_____

                                        **Celette, Inc.**

By:    /s/ Jeffrey M. Glass_____
            One of its Attorneys
            Bar ID#06206976
            SMITHAMUNDSEN LLC
            308 W. State Street, Suite 320
            Rockford, IL 61101
            PH: 815-904-8804
            FAX: 815-904-8805
            jglass@salawus.com

            William S. Hackney
            Bar ID#06256042
            SMITHAMUNDSEN LLC
            150 N. Michigan Avenue, Suite 3300
            Chicago, IL 60601
            PH: 312-894-3370
            FAX: 312-997-1773
            whackney@salawus.com

## VERIFICATION OF PIERRE NICOLAU

Pursuant to 28 U.S.C. § 1746, I, Pierre Nicolau, verify under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

By: _____

      Pierre Nicolau

Executed on: 3rd of April 2019

              (date)